

J. Edward McCain, III, Esquire/85419
John E. Moore, Esquire/86424
The Law Office of J. Edward McCain, III
912 N. 29th Street
Philadelphia, PA 19130
215-236-1086



10 2364

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD N. LOWE III**<br>1801 Butler Pike, Apt 238<br>Conshohocken, PA 19428<br>**Plaintiff,**<br><br>v.<br><br>**AMERIPRISE FINANCIAL<br>SERVICES, INC.**<br>161 Washington Street, Ste 1300<br>Conshohocken, PA 19428<br>**Defendant.** | CIVIL ACTION NO. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>FILED<br>MAY 19 2010<br>By _____ Dep. Cler. |

### PLAINTIFF'S COMPLAINT

Plaintiff, Richard N. Lowe III, by his undersigned attorney, hereby brings this civil action seeking a permanent injunction, declaratory judgment, damages and all other relief needed to redress deprivation by Defendant of rights, privileges, and immunities from employment discrimination on the basis of race as secured to Plaintiff by the United States Constitution, federal statutes, and the common law.

a. In particular, Plaintiff seeks to restrain Defendant from intentionally engaging in the unlawful employment practices more fully set out below against Plaintiff on the basis of race that are described in this Complaint.

Plaintiff's claim as to himself is based upon personal knowledge. All other allegations are based upon the investigation of counsel. Based upon such investigation, Plaintiff believes that substantial evidentiary support exists for the allegations set forth herein.

## I. JURISDICTION/VENUE AND NATURE OF ACTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Pennsylvania Human Relations Act and 42 U.S.C. § 1981.

2. This court has subject matter jurisdiction of the federal claims based on Title VII as asserted in this action under 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. §§ 2000e-5.

3. This court may exercise supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1376.

4. Venue is proper because the unlawful employment practices and discrimination alleged in this Complaint were and are being committed within the Eastern District of Pennsylvania.

5. Plaintiff filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff filed this action within 90 days of his receipt of a Notice of Right to Sue from the EEOC.

6. Plaintiff is an African-American male citizen of the Commonwealth of Pennsylvania and of the United States of America.

7. Defendant is a financial planning corporation presently authorized to do business, and is/was doing business in Conshohocken, Montgomery County, Pennsylvania.

## II. NEED FOR EQUITABLE RELIEF

8. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and this suit for a permanent injunction is the only means of securing adequate relief.

9. Plaintiff is now suffering, and continues to suffer, irreparable injury from Defendant's policy, practice, customs, and usage of discriminating against qualified African-Americans with respect to employment, solely on the grounds of race.

## III. FACTUAL BACKGROUND

10. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely African-American.

11. Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e et. seq.

12. Defendant has discriminated against Plaintiff on the basis of his race, i.e. African-American.

13. Plaintiff began working for Defendant as a Financial Advisor in November 2003. After completing a rigorous training program he began the task of creating a client base and book of business.

14. From the outset, Plaintiff was encouraged to seek out the "right type" of clients, which according to Ameriprise management, were not some of the lower-income, minority clients Plaintiff sought to service as part of his client base.

15. Nonetheless, Plaintiff was recognized as a top producer every quarter from 2006 until his abrupt and untimely departure in November 2008.

16. On or about November 25, 2008, Plaintiff was called into a meeting with management officials. Present during the meeting was General Vice President Don Weaver, First Vice President John Loper and Michael Conk. During the meeting, Mr. Weaver told Plaintiff that an investigation regarding planning and practices had been conducted and based on the investigation the Review Board decided to terminate him. When Plaintiff requested a copy of the investigation results, Mr. Weaver cryptically replied "you know what you did." Plaintiff's request for a termination letter was also denied.

17. Interestingly enough, during Plaintiff's unemployment compensation hearing on January 26, 2009, Defendant stated that the same investigation it referred to on November 28,

2009 was incomplete thus an investigation report was unavailable. Thus begging the question as to how Plaintiff could have been fired in November 2008 pursuant to the results of an investigation that had not been completed as of January 2009.

18. Furthermore, during Plaintiff's unemployment hearing, Defendant stated that Plaintiff was also terminated for accepting an outside consulting fee and not disclosing the fee to the company.

19. Prior to the unemployment hearing, Defendant never confronted Plaintiff about any alleged outside consulting fees and likewise produced no evidence during the unemployment compensation hearing of such a fee.

20. Needless to say, the unemployment compensation referee saw through Defendant's pretextual arguments and granted Plaintiff unemployment compensation benefits.

21. To be clear, Plaintiff never engaged in any of the aforementioned behavior.

22. Interestingly enough, Caucasian financial advisors, Matthew Repko, Robert Sayre, Thomas Marchozzi, Michael Jenkins and Ryan Vermillion were subject to the same investigation as Plaintiff and found to have engaged in the same alleged conduct as Plaintiff and were not terminated.

23. Following his termination, Defendant filed a U-5 report with the Financial Industry Regulatory Authority (FINRA) alleging wrongful misconduct by Plaintiff causing irreparable injury to his career and reputation within the financial planning industry. As a result of this erroneous FINRA report, Plaintiff has been unable to secure comparable employment with any other financial services company.

24. Defendant, its agents, servants or employees, by their conduct alleged in this Complaint, intentionally, willfully, and without justification deprived Plaintiff of rights, privileges,

and immunities secured by the Constitution and the laws of the United States, particularly the right to be free from discrimination based on race.

25. Plaintiff has suffered damages for lost wages that continue to accrue, loss of commissions, loss of retirement benefits, and any and all compensatory or other damages allowed by law.

## COUNT I

26. Plaintiff incorporates paragraphs 1 through 24 by reference as fully as though the same were set forth herein at length.

27. Defendant's actions denied Plaintiff equal terms, conditions, and privileges of employment because of his race or using race as a motivating factor in violation of federal law. Such violations are likely to continue hereafter unless enjoined.

28. Plaintiff has been subjected to differing treatment as compared to other Ameriprise Financial Advisors.

29. This discrimination in violation of 42 U.S.C. § 2000e-2(a) occurred, among other ways, by:

   a. Subjecting Plaintiff to disparate treatment in discipline.

   b. Maintaining job qualifications segregated based on the applicant's race.

   c. Maintaining policies and practices with respect to, but not limited to, wages, job assignments and other terms and conditions of employment that unlawfully operate to deny equal opportunity to African-Americans, including Plaintiff, because of their race.

30. The effect of these policies and practices has been to deprive Plaintiff, of equal employment opportunities and otherwise to adversely affect his status as an employee because of his race.

Wherefore Plaintiff demands judgment against Defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

## COUNT II

31. Plaintiff repeats the allegations of paragraphs 1-29 as though fully set forth herein.

32. Defendants' disparate treatment of Plaintiff in regards to his termination were based on race and/or race played a motivating factor in violation of 42 U.S.C. § 1981, et seq.

33. The Defendant, their agents, servants or employees, by their conduct alleged in this Complaint intentionally, willfully, and without justification deprived the plaintiff of rights, privileges, and immunities secured by 42 U.S.C. § 1981, et seq.

Wherefore Plaintiff demands judgment against Defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

## COUNT III

34. Paragraphs 1 through 32 are incorporated herein by reference.

35. Plaintiff avers that she has been denied her rights under the laws of the Commonwealth of Pennsylvania, to be free of discrimination based on race under the Pennsylvania Human Relations Act 43 P.S. §§ 951-963, and other state anti-discrimination acts. This honorable court has pendent jurisdiction over these related state claims.

Wherefore, Plaintiff demands judgment against Defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

## DAMAGES

36. Paragraphs 1-34 are incorporated by reference.

37. As a result of the said actions of the Defendant, Plaintiff has suffered the following damages:

   a. Loss of present and future income;

   b. Loss of fringe benefits and exemplary damages;

   c. Plaintiff has suffered mental and emotional distress, agony, pain and suffering, and humiliation, harassment and embarrassment;

   d. Plaintiff is entitled to costs and counsel fees under the applicable Civil Rights Acts and makes demand for the same and any other damages provided for under the said Acts.

Wherefore Plaintiff demands judgment against Defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

## PRAYER

Wherefore, for the foregoing reasons, Plaintiff, respectfully requests that this court:

1. Enter judgment against Defendant in an amount greater than the limits of arbitration, and award Plaintiff damages for lost wages, loss of fringe benefits, pain and suffering, emotional distress, and retaliation, and exemplary and any other damages allowed by law including punitive damages for a violation of Title VII.

2. Order the Defendant to make Plaintiff whole as he was adversely affected by the policies and practices described above by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial.

3. Grant a permanent injunction restraining the Defendant, its agents, employees, servants, and all persons acting in concert with them or on their behalf from continuing to engage in the type of activity complained of in this action.

4. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance.

5. Award Plaintiff attorney's fees.

6. Award Plaintiff costs and disbursements in this action.

7. Order all other relief that is just and proper.

Dated: 5/19/10

BY: *[signature]*
J. Edward McCain, III, Esquire/85419
Zakia E. Moore, Esquire/86424
The Law Office of J. Edward McCain III
912 N. 29th Street
Philadelphia, PA 19130
215-236-1086
Attorneys for Plaintiff

## VERIFICATION

I, **RICHARD N. LOWE III**, hereby verifies that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are subject to the penalties of 5 C.F.R. §§ 1201.71-85 relating to unsworn falsification to authorities.

*[signature]*
**Richard N. Lowe III**

DATED: 05/19/2010